Caldwell, J.
In the case of Frank Winders v. Robert A. Hudson it seems that Winders is the secretary of a state board existing at Columbus, before whom the physicians, under the law passed at the last session of the legislature, are required to register. The secretary of the board sent out a publication — -a circular, asking physicians to send their diplomas to the board,and if sent by mail, they would be returned by mail; if sent by express, they would be returned by express; and Robert A. Hudson sent his diploma,and it was not returned to him. How much search was made for it, does not appear- — -it is not important in this case — Rut in due course of time, he brought suit against Frank Winders, secretary of the board, to recover damagés for the loss of his diploma, and that suit was brought before a justice of the peace in this city. It went by default, and a judgment was had in the case, for two hundred and seventy-five dollars ($275) as the value of that diploma.
Winders undertook to appeal the case, or to take the case up to the common pleas court, but failed to file the transcript in time — took it in too late — -and by some authority, authority from some judge, he was permitted to file it. Then a motion was made to strike it off, and it was stricken off. Then Hudson took the transcript and filed it in the common pleas court, and thereafter filed a motion to have judgment entered upon it in the common pleas court under a provision in the statute. This was opposed by Frank Winders, and the court overruled Winders’ objection to the *513 judgment being entered in the common pleas court, and Winders brings his petition in error into this court, not to affect anything that the justice of the peace did in the case, but to claim that the rendering'of the judgment in the common pleas court was error, and the case turns largely upon section 6588:
“If the appellant shall fail to deliver the transcript and other papers, if any, to the cierk, and have his appeal docketed as aforesaid, on or beforé the thirtieth day from the rendition of the judgment-appealed from, the appellee may, thereafter, at the term of said court next after the expiration of said thirty days, file a transcript of the proceedings and judgment of such justice, and the said cause shall, on motion of the appellee, be docketed; and the court is authorized and required, on his application, either to enter -a judgment in his favor similar to that entered by the justice of the peace, and for all costs that have accrued in said court, and award execution thereon; or such court may, with the consent of said appellee, dismiss the appeal at the cost of the appellant, and remand the cause to the justice of the peace, to be thereafter proceeded in as if no appeal had been taken. ”
The court is authorized and required, on the application of the party getting the judgment before the justice of the peace, to enter judgment in his favor similar to that entered by the justice of the peace. Winders interposed to have the court refuse to enter that judgment, and we are not certain but that interposition might be made if made in the right way. If a cross-petition should be filed at the time the motion is made, or thereafter before the judgment is entered, asking to have that judgment vacated, or to have the court at least refuse to enter judgment -upon it on the ground that the justice acted entirely without jurisdiction, we are not certain but that it might be done, and the party, on such a cross-petition, might proceed and have the entire judgment vacated and set aside,and get affirmative relief to that extent. A recent holding in the supreme court would *514 seem to show that that would be á direct attack upon that judgment, but that the party could interpose and present his defense that he should have presented before the justice of the peace we think can not be done. In other words, if he has been in default before the justice of the peace, and error has occurred in the justice’s court he has failed to except to and take the case to the higher court upon proceedings in error or by appeal, he can not resort to these proceedings to correct such errors.
It is claimed in this case that the bill of particulars that was filed before the justice of the peace, was so indefinite that it failed to give the justice of the peace jurisdiction of the action. It must amount to that, because, if it was not so indefinite as to fail to give him jurisdiction, we can hardly see how it would be sufficient ground to interpose matter before a higher jourt in the manner in which this was attempted; but while the statute prescribes what the bill of particulars shall set forth, the terms are so general that the bill of particulars seems sufficient if it only gives the party a fair intimation, a fair understanding, of what will be claimed. That it is sufficient that a justice of the peace could have jurisdiction without any bill of particulars or without any complaint, and without the parties coming and submitting their issues to the justice, we think would be doubtful, very doubtful. It is a court of limited jurisdiction, and when the statute prescribes how a court shall act and what shall be sufficient to give the court jurisdiction of a cause of action, that must prevail. But we think there was enough in this bill of particular to give the court jurisdiction of the action. That being so, we think that nothing short of a plea in the common pleas court at the time the common pleas court is asked to enter a similar judgment, or a like judgment — nothing but a plea setting forth want of jurisdiction on the part of the justice of the peace, by way of cross-petition, under which there may be asked affirmative *515 relief, perhaps, against the -judgment — nothing short of that, we think, can avail.
Piarle & Thompson, for Plaintiff,in Error.
Hadden & Paries, for Defendant in Error,
It is claimed that this judgment is án outrage and a monstrous thing; and it is very likely that that may be so; we are not here to determine that matter, but it very probably is — we might state it that strong. The idea that a diploma which might be duplicated, perhaps, for a small sum, for a very small amount of money — that a party should have to pay two hundred and seventy-five dollars ($275) for its loss, would look very strange; but that is a matter that any party -can easily have accomplished with that kind of judgment against him, if he will stay away from court. That is ex-actly what Mr. Winders did. He staid away, and consequently this judgment was gotten against him. We are sorry that Mr. Winders has been so derelict in attention to this matter, and the judgment is one that if we found any way possible, we would be glad to relieve him from, but we do not see any way to do so.